Rose Huelskamp Serrano (CSBN. 229173)
serrano@dmwplc.com
Katherine C. Fine (CSBN. 310154)
fine@dmwplc.com
**DUCKOR METZGER & WYNNE,**
A Professional Law Corporation
101 West Broadway, Suite 1700
San Diego, California 92101
(619) 209-3000; (619) 209-3043 (fax)

Attorneys for Defendant SOUTHERN INYO
HEALTHCARE DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| DEBORAH GARNER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN INYO HEALTHCARE DISTRICT; and DOES 1-25, inclusive,<br><br>Defendants. | Civil Action No.<br><br>[Inyo County Superior Court Case No. 24UC71190]<br><br>**DEFENDANT SOUTHERN INYO HEALTHCARE DISTRICT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1331, 1441, AND 1446**<br><br>**[State Court Complaint Filed: August 22, 2024]** |

**TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant SOUTHERN INYO HEALTHCARE DISTRICT ("SIHD"), hereby removes the action entitled *Deborah Garner v. Southern Inyo Healthcare District*, pending in the Superior Court of the State of California for the County of Inyo, Case No. 24UC71190, to the United States District Court for the Eastern District of California, Fresno Division, pursuant to 28 U.S.C. §§1331, 1441, and 1446, and Federal Rules of Civil Procedure, Rule 81(c).

This Court has original jurisdiction over this action under 28 U.S.C. §1331 on the grounds that it presents a federal question, as Plaintiff Deborah Garner's ("Plaintiff") claims include a claim

1

for violation of the federal Fair Labor Standards Act ("FLSA").  Plaintiff's state law claims are also properly removed on the basis of supplemental jurisdiction because all of the claims are transactionally related to Plaintiff's working relationship with Defendant.  *See* 28 U.S.C. §1367.  In support of this removal, Defendant states the following:

## PROCEEDINGS IN STATE COURT

1.      On August 22, 2024, Plaintiff filed a Complaint against SIHD, Peter Spiers, an individual in his official and personal capacity, and Does 1-25, in the Superior Court of the State of California, County of Inyo, Case No. 24UC71190 (the "Complaint").

2.      In her Complaint, Plaintiff alleged various state law wage and hour claims, arising from the allegations that she was misclassified as an independent contractor when she worked for Southern Inyo Healthcare District.  She also alleged state law claims for breach of contract, breach of the covenant of good faith and fair dealing, whistleblower retaliation in violation of California Labor Code §1102.5, negligence, and intentional and negligent infliction of emotional distress.  A true and correct copy of the Complaint is attached as **Exhibit A** to this Notice and incorporated herein as though fully set forth herein.

3.      On or about January 10, 2025, Plaintiff filed a First Amended Complaint.  The First Amended Complaint removes Peter Spiers as a defendant and asserts four causes of action against SIHD: (1) Violation of the Fair Labor Standards Act ("FLSA"); (2) Whistleblower Retaliation; (3) Breach of Contract; and (4) Breach of the Covenant of Good Faith and Fair Dealing.  As relevant to this notice of removal, the First Amended Complaint now alleges SIHD violated the FLSA by failing to pay Plaintiff minimum wage and overtime as required by 29 U.S.C. §§ 206 and 207 and Plaintiff seeks relief under 29 U.S.C. §216(b).  *See* First Amended Complaint, p. 10, ¶¶63-74.  A true and correct copy of the First Amended Complaint is attached as **Exhibit B** to this Notice and incorporated as though fully set forth herein.

## TIMELINESS OF REMOVAL

4.      Plaintiff's counsel served SIHD with a copy of the First Amended Complaint by email on January 10, 2025. A true and correct copy of the Proof of Service is attached as **Exhibit C** to this Notice and incorporated as though fully set forth herein.

DEFENDANTS NOTICE OF REMOVAL OF CIVIL ACTION

5.      This notice of removal is timely because it is being filed within 30 days after Defendants' receipt of the First Amended Complaint.  28 U.S.C. 1446(b)(3).

**Federal Question Jurisdiction based on the FLSA**

6.      This is a civil action over which the Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by SIHD pursuant to the provisions of 28 U.S.C. §1441.  Pursuant to 28 U.S.C. §1441, United States District Courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, Plaintiff's first cause of action is brought pursuant to the FLSA.  *See* First Amended Complaint, p. 10, ¶¶63-74.  Accordingly, Plaintiff has asserted a claim "arising under the…laws of the United States.

7.      This Court has supplemental jurisdiction over all other claims asserted by Plaintiff, pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1441(c). When a defendant removes a lawsuit that joins both federal and state law claims, the district court shall have supplemental jurisdiction over the state law claims if those claims are so closely related to the federal claim that they "form part of the same case or controversy." 28 U.S.C. § 1367(a).  Here, both Plaintiff's federal and state claims relate to and emanate from Plaintiff's working relationship with Defendant.  Accordingly, supplemental jurisdiction is appropriate.

**VENUE**

8.      Venue is proper in this Court, pursuant to 28 U.S.C. §1441(a) because this action was originally filed in the Superior Court of the State of California for the County of Inyo, which is geographically located within the Eastern District of California.

**JOINDER**

9.      There are no other parties who need to join in this Notice of Removal.  The Court should disregard fictious "Doe" defendants on removal.

**NOTICE TO PLAINTIFF AND THE STATE COURT**

10.      Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, Fresno Division, written notice of the removal will be served upon counsel for Plaintiff, and a copy of this Notice of Removal will be filed with

3

the Clerk of the Superior Court of California, Couty of Inyo, as required by 28 U.S.C. §1446(d).

11.    In compliance with 28 U.S.C. §1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on SIHD or filed by SIHD are attached hereto as **Exhibits A, B, C, and D**.

WHEREFORE, Defendant SIHD prays that the above action now pending against it in the Superior Court of California, County of Inyo, be removed therefrom to this Court.

DATED: February 7, 2025                    Respectfully submitted,

**DUCKOR METZGER & WYNNE**
A Professional Law Corporation


By: /s/ Rose Huelskamp Serrano
ROSE HUELSKAMP SERRANO
KATHERINE C. FINE
Attorneys for Defendant
SOUTHERN INYO HEALTHCARE DISTRICT

DEFENDANTS NOTICE OF REMOVAL OF CIVIL ACTION

## INDEX OF EXHIBITS

*Page*

**Exhibit A**    Complaint filed by Plaintiff Deborah Garner
in Inyo County Superior Court Case No. 24UC71190 ................................... 6

**Exhibit B**    First Amended Complaint filed by Plaintiff Deborah Garner
in Inyo County Superior Court Case No. 24UC71190 ................................... 30

**Exhibit C**    Proof of Service dated January 10, 2025 ......................................... 49

**Exhibit D**    Documents "process, pleadings, and orders" from the State Court Action
Served on Southern Inyo Health Care District or Filed by Southern Inyo
Healthcare District ..................................................................................... 52

DEFENDANTS NOTICE OF REMOVAL OF CIVIL ACTION

# EXHIBIT A

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

COPY

Lori J. Costanzo (SBN 142633)
Frank Zeccola (SBN 308875)
Luiza V. Dias (SBN 320629)
COSTANZO LAW FIRM, APC
111 West Saint John Street, #700
San Jose, CA 95113
Phone:     408.993.8493
Fax:       408.993.8496
Email:     Lori@costanzo-law.com
           Frank.Zeccola@costanzo-law.com
           Luiza.dias@cosanzo-law.com

*Attorneys for Plaintiff Deborah Garner*

**FILED**

AUG 22 2024

INYO CO. SUPERIOR COURT
PAMELA M. FOSTER, CLERK

BY              DEPUTY
K. Schafer

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF INYO
UNLIMITED JURISDICTION

DEBORAH GARNER, an individual,

Plaintiff,

vs.

SOUTHERN INYO HEALTHCARE
DISTRICT; PETER SPIERS, an individual in his
official and personal capacity; and DOES 1–25,
inclusive,

Defendants.

Case No.: 24UC71190

**COMPLAINT FOR DAMAGES:**

1. **Willful Misclassification of Individuals in violation of Labor Code § 226.8(a)(1) and 226.8(b) and/or 226.8(c)**
2. **Failure to Provide Rest Periods and Pay Missed Rest Period Premiums**
3. **Failure to Provide Meal Periods and Pay Missed Meal Period Premiums**
4. **Failure to Furnish Accurate Itemized Wage Statements**
5. **Whistleblower Retaliation in Violation of Labor Code § 1102.5 et seq.**
6. **Negligence**
7. **Breach of Contract**
8. **Breach of the Covenant of Good Faith and Fair Dealing**
9. **Intentional Infliction of Emotional Distress**
10. **Negligent Infliction of Emotional Distress**

**DEMAND FOR JURY TRIAL**

1

**EXHIBIT A (Page 1 of 23)**

Lori J. Costanzo (SBN 142633)
Frank Zeccola (SBN 308875)
Luiza V. Dias (SBN 320629)
COSTANZO LAW FIRM, APC
111 West Saint John Street, #700
San Jose, CA 95113
Phone:     408.993.8493
Fax:        408.993.8496
Email:     Lori@costanzo-law.com
               Frank.Zeccola@costanzo-law.com
               Luiza.dias@cosanzo-law.com

*Attorneys for Plaintiff Deborah Garner*

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF INYO
UNLIMITED JURISDICTION

| | |
|---|---|
| DEBORAH GARNER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHERN INYO HEALTHCARE DISTRICT; PETER SPIERS, an individual in his official and personal capacity; and DOES 1–25, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br>1. **Willful Misclassification of Individuals in violation of Labor Code § 226.8(a)(1) and 226.8(b) and/or 226.8(c)**<br>2. **Failure to Provide Rest Periods and Pay Missed Rest Period Premiums**<br>3. **Failure to Provide Meal Periods and Pay Missed Meal Period Premiums**<br>4. **Failure to Furnish Accurate Itemized Wage Statements**<br>5. **Whistleblower Retaliation in Violation of Labor Code § 1102.5 et seq.**<br>6. **Negligence**<br>7. **Breach of Contract**<br>8. **Breach of the Covenant of Good Faith and Fair Dealing**<br>9. **Intentional Infliction of Emotional Distress**<br>10. **Negligent Infliction of Emotional Distress**<br><br>**DEMAND FOR JURY TRIAL** |

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

**EXHIBIT A (Page 2 of 23)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

Plaintiff DEBORAH GARNER ("Plaintiff" or "Ms. Garner") alleges against Southern Inyo Healthcare District ("Defendant" or "SIHD"), and Does 1 through 25 (all together referred to as "Defendants"), and each of them, as follows:

**PARTIES**

1.      At all relevant times, Plaintiff DEBORAH GARNER was employed by and working for Defendant and Does 1 through 25 in Inyo County, California and was also paid by them and each of them from Inyo County, California. Plaintiff lived in Inyo County, California during part of her employment with Defendant. The plaintiff entered into her employment agreement and relationship with Defendants and each of them in Lone Pine, California in Inyo County.

2.      Defendant SOUTHERN INYO HEALTHCARE DISTRICT ("SIHD") is, and was at all times material hereto, a public entity in the Inyo County in the State of California.

3.      Defendant PETER SPIERS ("Mr. Spiers") was Plaintiff's supervisor and Defendant SIHD's CEO. On information and belief, Mr. Spiers was also at all relevant times a resident of California. Defendant Spiers owns, operates, and/or manages SIHD and had direct control and power over the working conditions and the violations at issue in this Complaint. On information and belief, Mr. Spiers devised and implemented the policies at issue in this complaint and "caused" these violations as that term is used in Labor Code §§ 558.1 and 1197.1. Pursuant to Labor code §§ 558.1 and 1197.1, Defendant Spiers is individually liable as a person who "caused" the violations to occur.

4.      At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every Defendant was the agent or employee of each and every other Defendant. In doing the things alleged in the causes of action into which this paragraph is incorporated by reference, each and every Defendant was acting within the course and scope of this agency or employment, and was acting with the consent, permission, and authorization of the remaining Defendants. All actions of each Defendant alleged in the causes of action into which this paragraph is incorporated by reference, were ratified and approved by officers and managing agents of every other Defendant.

5.      Does 1 through 25, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to the Plaintiff. When their true names and capacities are ascertained,

**EXHIBIT A (Page 3 of 23)**

Plaintiff will amend this Complaint by asserting their true names and capacities herein. Plaintiff is informed and believe, that thereon allege, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants. Each reference in this complaint to "Defendant," "Defendants" or specifically named Defendant refers to all Defendants sued under fictitious names.

6.     To the extent any allegation contradicts another allegation, they are to be construed as "alternative" theories.

## JURISDICTION AND VENUE

7.     The monetary value of Plaintiff's claims exceeds $25,000, and the amount in controversy is within the jurisdiction of this Court.

8.     Plaintiff, at all relevant times, was an employee in the County of Inyo. Plaintiff is informed and believes that the named Defendant is an entity in the County of Inyo. Plaintiff alleges on information and belief that Does 1-25 were and are California entities or individuals authorized to do, and who did business in the County of Inyo.

9.     The acts, omissions, damages, and injury that form the basis of this lawsuit were sustained in the County of Inyo.

## ADMINISTRATIVE REMEDIES

10.     Pursuant to the California Tort Claims Act (Government Code §§ 810 through 996.6), Plaintiff gave timely, proper notice of her claim against the SIHD public entity by filing a "Government Claim" on or about May 1, 2024. SIHD rejected the Claim on June 12, 2024, and Plaintiff received notice thereof on June 24, 2024. Plaintiff filed this action within six months of SIHD's rejection notice, and therefore, Plaintiff has satisfied all requirements under the California Tort Claims Act.

11.     Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

12.     The California Workers' Compensation Act does not preempt this action because Defendants' unlawful practices, as alleged herein, are not risks or conditions of employment. Plaintiff

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

**EXHIBIT A (Page 4 of 23)**

is not required to satisfy any further private, administrative, or judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to any of the remaining causes of action in this complaint.

## FACTUAL ALLEGATIONS

13.     Ms. Garner was hired in April 2021 as the Director of Rehabilitation Services for SIHD. Ms. Garner was labeled by SIHD as an independent contractor and her contract term with SIHD was extended from just a few months to five (5) years due to her stellar work performance. In an email on May 14, 2021, SIHD CEO Peter Spiers, said of Ms. Garner, "I'm so encouraged by our prospects for the future with you at the helm!"

14.     Ms. Garner spent a portion of her employment with SIHD working in-person in California and the rest of the time working remotely. When Ms. Garner worked remotely, she was able to see issues that onsite employees were not aware of. As Director, Ms. Garner transformed the department from struggling to excelling. She built an amazing team, and her department was one of the highest performing in the organization, all because of her management.

15.     Ms. Garner demonstrated her dedication to SIHD by working tirelessly for its benefit. She would frequently work seven (7) days a week and through her meal and rest breaks.

16.     Ms. Garner was misclassified as an independent contractor because SIHD cannot satisfy all three conditions of *Dynamex*.

17.     While Ms. Garner does not deny that her agreement with SIHD was made under "Deborah Garner of Garner Professional Services, LLC" or "Garner Professional Services, LLC" and referred to her as "Independent Contractor" or "Provider", SIHD treated Ms. Garner as an employee, not an independent contractor.

18.     Being labeled an independent contractor, being required to sign an agreement stating that one is an independent contractor or being paid as an independent contractor is not what determines employment status. The ABC test is used to determine employment status and pursuant to *Dynamex Operations W. Inc. v. Superior Court*, 4 Cal. 5th 903 (2018) (hereinafter "*Dynamex*"), a worker is properly considered an independent contractor only if the hiring entity establishes all three prongs of the ABC test:

4
Complaint for Damages; Jury Trial Demand

**EXHIBIT A (Page 5 of 23)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

a)  that the worker is free from the control and direction of the hirer in connection with the performance of the work, both under the contract for the performance of such work and in fact;

b)  that the worker performs work that is outside the usual course of the hiring entity's business; and

c)  that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed for the hiring entity.

*Dynamex*, 4 Cal. 5th at 916-17.

19.    Here, SIHD fails to meet part "A" or "B" of the *Dynamex* test.  All the work Ms. Garner performed for SIHD was at the direction and under the supervision and control of SIHD's CEO, Peter Spiers. Ms. Garner and Mr. Spiers had an employee-manager relationship which included regular one-on-one meetings.

20.    Ms. Garner was a Director and her job responsibilities were that of a high-level employee and included placing SIHD employees on PIPs, sending letters directly to SIHD rehab patients under her title as Director, attending SIHD staff and manager meetings, communicating with SIHD departments including PFS, Billing, SNF, HR, Administration, Rehab, marketing, purchasing, Redoc, Nethealth Therapies and Staffing companies to discuss various situations, problem solve, educate, gain information, plan meetings, supervise payroll, and conduct employee performance reviews.

21.    Within these responsibilities, Mr. Spiers would direct Ms. Garner about disciplining employees, how to send emails, he would hold meetings with Ms. Garner's SIHD rehab staff, he oversaw and, at times, overrode her work, among other manners in which SIHD exerted control over Ms. Garner. Ms. Garner needed approval from Mr. Spiers and/or SIHD's HR to conduct practically every aspect of her job.

22.    According to the Rehabilitation Services Agreement between SIHD and Ms. Garner through her LLC, "the Provider", effective April 13, 2021, (hereinafter referred to as "the Agreement") "From May 21 to August 5, 2021, Provider's shall perform the Services for 40 hours per week." The same parties amended the Agreement with the "First Amendment to Rehabilitation Services Agreement" on July 26, 2021 (hereinafter referred to as "the Amendment") to state, "When providing the Services remotely (generally, during the school year), Provider will work part-time for 20 hours per week. When providing the Services in person (generally, during summer months),

5
Complaint for Damages; Jury Trial Demand

**EXHIBIT A (Page 6 of 23)**

Provider will work full-time for 40 hours per week." This exhibits control that a business typically exercises over employees not independent contractors.

23.     According to the Amendment, "[SIHD] shall pay Provider $1,500.00 per week when Provider works part-time, and $3,000 per week when Provider works full-time. [SIHD] will pay Provider at the same time [SIHD] does its employee payroll payments."

24.     Ms. Garner did not perform work outside the usual course of SIHD's business. *Dynamex*, 4 Cal.5th at 959. Contracted workers such as Ms. Garner, who provide services in a role comparable to that of an existing employee, will likely be viewed as working in the usual course of the hiring entity's business. *Id.*

25.     As the Director of Rehabilitation Services for SIHD, Ms. Garner was crucial to SIHD's business. Ms. Garner's responsibilities were the same as an HR director or HR manager within the Rehabilitation Services department, which is a vital role in any company's usual course of business and particularly for SIHD.

26.     Ms. Garner was treated as an employee by SIHD which resulted in her colleagues treating her as a fellow employee. For example, Ms. Garner conducted Orientation trainings for new hires, was always introduced as the Director of Rehabilitation Services/Rehab, she had an SIHD email address, was invited to the Christmas party every year for all employees, and she made donations to the organization when asked of Department Heads.

27.     Ms. Garner was ignored when she tried to protect the hospital from liability.

28.     Ms. Garner's enjoyment of her job began to fade when her voice was stifled at SIHD. Beginning in October 2022, speech pathologist Sierra Lotts's dedication to SIHD rapidly declined. For example, she was spending excessive amounts of time not working, not following SIHD's policies, not billing, not doing paperwork, disrupting patients and co-workers, arriving late, skipping meetings, ignoring emails, ordering supplies without permission, and moving furniture without permission.

29.     Ms. Garner repeatedly recommended to HR and SIHD's CEO, Peter Spiers, that Ms. Lotts be placed on a PIP or terminated as she was becoming a liability to the hospital. Specifically, in January 2023, Mr. Garner recommended that Ms. Lotts's travel contract not be renewed. HR's

**EXHIBIT A (Page 7 of 23)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

Genoveva Southey agreed but then she and Mr. Spiers went around Ms. Garner and renewed Ms. Lotts's contract, ignoring all the blatant issues with her work performance. Other employees took issue with Ms. Lotts's contract being renewed, so much so that two employees quit over it.

30.    Ms. Garner's worst fears came true in March 2023 when Ms. Lotts stole hospital equipment (two laptops) and took them across the country without permission. Worse, those laptops were connected to the hospital servers which meant they contained sensitive patient information. This was a serious breach of security and theft of hospital property.

31.    After this incident, Mr. Spiers begrudgingly admitted that Ms. Garner had been right about Ms. Lotts and agreed she needed to be terminated. However, before HR could notify Ms. Lotts of her termination, she resigned.

32.    Ms. Garner resisted the CEO's pressure to violate HIPAA and suffered consequences.

33.    In March of 2023, SIHD's CEO, Peter Spiers, asked physical therapist Katheryn Cosner to disclose the personal medical information of a patient who was his friend. Ms. Cosner refused to disclose more than marketing or discharge information on the grounds that doing so would violate HIPAA (Health Insurance Portability and Accountability Act).

34.    Mr. Spiers then went to Ms. Garner. He gave her the same improper assignment and told her to take corrective action leading to termination of Ms. Cosner for disobeying his order and not "being a team member." Ms. Garner firmly told Mr. Spiers that Ms. Cosner was right to deny his request because it was a direct violation of HIPAA. Mr. Spiers did not like being challenged by two strong women as evidenced by his past and future behavior, including ultimately terminating Ms. Garner for repeatedly voicing valid concerns.

35.    Ms. Garner met with Ms. Cosner and Ms. Southey from HR to discuss the incident. Ms. Cosner was visibly upset and fearful of Mr. Spiers. Ms. Cosner elaborated that she felt uncomfortable around Mr. Spiers because he would bully her and make hurtful remarks towards her.

36.    Despite this, Mr. Spiers was never punished for his treatment of Ms. Cosner nor his attempts to violate HIPAA. Instead, HR counseled Ms. Cosner on how to be more "approachable".

37.    Ms. Garner assisted an employee with their complaint and suffered retaliation because of it.

**EXHIBIT A (Page 8 of 23)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

38.    In or around September 2023, Ms. Garner met with Physical Therapy Assistant, Lorena Dahlberg, to discuss Ms. Dahlberg's performance issues. She preferred to do things "her way" rather than to follow company policies due to her work history at SIHD. Ms. Garner had previously brought Ms. Dahlberg's performance issues to HR, and although they acknowledged Ms. Dahlberg's insubordination, they did not help Ms. Garner with a solution.

39.    However, during their meeting, Ms. Dahlberg expressed issues she had with the SIHD organization and that she felt it was a horrible place to work.

40.    Ms. Garner listened to Ms. Dahlberg's complaints with empathy and followed company policies by taking her complaint to HR's Ms. Southey and the CEO, Peter Spiers. They called Ms. Dahlberg "disgruntled" and told Ms. Garner they would handle it.

41.    HR eventually met with Ms. Dahlberg in October, but no action was taken to either resolve Ms. Dahlberg's concerns or address her performance issues.

42.    Ms. Garner was subsequently retaliated against for aiding Ms. Dahlberg in bringing her complaint. For example, Mr. Spiers began to micromanage Ms. Garner by telling her not to email multiple people and holding meetings with Ms. Garner's staff without allowing her to attend.  These retaliatory actions interfered with and prevented Ms. Garner from doing her job because Mr. Spiers was restricting access to her team which impacted her ability to perform her job.

43.    Ms. Garner incurred debt for the benefit of and in reliance on SIHD.

44.    Mr. Spiers commented during their one-on-ones that Ms. Garner needed to visit the SIHD facility in-person. Ms. Garner told Mr. Spiers that, per his request on behalf of SIHD, she would travel to California from Tennessee. Ms. Garner was expected to continue working while she traveled and had to uphold her family responsibilities as a new mother.

45.    To take this trip, Ms. Garner had to take out a $12,000 loan to conduct maintenance necessary for her motorhome to safely travel to California. The cost of fuel ballooned to several thousand dollars due to high diesel prices, plus the costs for RV parks and food. Had Ms. Garner not needed to make this trip, she would not have taken out the loan or incurred the additional costs and stress of travel.

**EXHIBIT A (Page 9 of 23)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

46.     SIHD breached their contract with Ms. Garner by terminating her prior to the term date.

47.     On October 24, 2023, after arriving in New Mexico on her way to the SIHD facility, Mr. Spiers, without warning or notice, notified Ms. Garner that he was terminating her during a zoom meeting. Ms. Garner was shocked because her department was one of the top performing departments in terms of revenue and number of patients. Mr. Spiers said the termination was not based on her job performance but because she worked remotely. She was not offered the opportunity to relocate and keep her job which she would have preferred.

48.     Per Ms. Garner's contract with SIHD, she should have received her termination notice in writing. Accordingly, Ms. Garner asked for her termination in writing. Mr. Spiers was evasive to the point of rudeness and dragged his feet to comply. It was not until November 4, 2023, that Ms. Garner finally received an email copy of her termination letter backdated to October 22, 2023.

49.     Pursuant to section 8.2.1. of the Rehabilitation Services Agreement, dated April 13, 2013, as cited in Ms. Garner's Notice of Termination, the District must give 60 days' notice of termination of the contract. Her last day was December 31, 2023, which is less than 60 days from when she received written notice of her termination (November 4, 2023).

50.     CEO Spiers demanded that Ms. Garner commit fraudulent billing on behalf of SIHD.

51.     On December 1, 2023, physical therapist Adam Maxwell asked Ms. Garner to help him clarify if a service should be classified as a screen or an evaluation. Ms. Garner explained that the service was a screen and was not billable but needed to be documented for the patient's chart. She further explained that it would be not be legal or ethical to bill for an evaluation that was not performed.

52.     Mr. Spiers then said he was overriding Ms. Garner and wanted Mr. Maxwell to bill it as an evaluation. In essence, Mr. Spiers wanted Mr. Maxwell to fraudulently bill a patient for services he did not receive, which is not only illegal, but also unethical. Ms. Garner was not privy to the ultimate decision but believes Mr. Spiers' preference to commit fraud was followed because he is the highest-ranking officer at SIHD.

**EXHIBIT A (Page 10 of 23)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

53.    Ms. Garner again refused to violate state and federal law while SIHD and Mr. Spiers encouraged it.

54.    Ms. Garner has suffered emotionally and financially as a result of the unlawful termination and retaliation.

55.    Ms. Garner seeks compensation for past and future economic and non-economic damages which include medical expenses, emotional distress, lost wages, and attorney's fees and costs.

## FIRST CAUSE OF ACTION
**Willful Misclassification of Individuals in violation of Labor Code § 226.8(a)(1) and 226.8(b) and/or 226.8(c)**
(Against All Defendants)

56.    Plaintiff realleges and incorporates by reference all previous paragraphs.

57.    At all times relevant hereto, Plaintiff was an employee for purposes of the California Labor Code, although she was willfully misclassified as an independent contractor.

58.    Labor Code section 226.8(a) provides that it is unlawful for any person or employer to engage in any of the following activities: 1) Willful misclassification of an individual as an independent contractor, 2) charging an individual who has been willfully misclassified as an independent contractor a fee, or making any deduction from compensation, for any purpose, including for goods, materials, space rental, services, government licenses, repairs, equipment maintenance, or fines arising from the individual's employment where any of the above acts would have violated the law if the individual had not been misclassified.

59.    In California, "employment" is defined broadly in terms of "service to an employer" and incudes "a general presumption that any person 'in service to another' is a covered 'employee.'" *S. G. Borello & Sons, Inc. v. Dep't of Indus. Rels.*, 48 Cal. 3d 341, 354 (1989); see also *Laeng v. Workmen's Comp. Appeals Bd.*, 6 Cal. 3d 771, 777 (1972) ("Section 3357 of the Labor Code declares that 'Any person rendering service for another . . . is presumed to be an employee'"). This presumption was most recently confirmed in *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal. 5th 903, 955 (2018) ("*Dynamex*"). There, the Court held that California's employment test,

**EXHIBIT A (Page 11 of 23)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

"presumptively considers all workers to be employees." *Id*. Consequently, Defendant bears a heavy burden to rebut the presumption of employee status of the Plaintiffs.

60.    If the hirer fails to show that the worker satisfies each of the three criteria, the worker is treated as an employee, not an independent contractor." *Id*. at 950.

61.    "It bears emphasis that in order to establish that a worker is an independent contractor under the ABC standard, the hiring entity is required to establish the existence of each of the three parts of the ABC standard. Furthermore, in as much as a hiring entity's failure to satisfy any one of the three parts itself establishes that the worker should be treated as an employee for purposes of the wage order, a court is free to consider the separate parts of the ABC standard in whatever order it chooses." *Dynamex*, 4 Cal. 5th at 963.

62.    As outlined in the Facts section above, SIHD does not meet part "A" or "B" of the *Dynamex* test.

63.    In violation of the Labor Code provisions cited herein and in willful violation of California law and public policy, Defendants intentionally misclassified Plaintiff as an independent contractor in violation of Labor Code § 226.8(a).

64.    Thus, the remedies in Labor Code section 226.8 apply, in addition to attorney fees and costs.

65.    Pursuant to California Labor Code § 558.1, Defendants are sued collectively and individually as employers of Plaintiff, and/or a person acting on behalf of Plaintiff's employer, who violated, or caused to be violated, the applicable order of the Industrial Welfare Commission, as well as the California Labor Code, and as such, are liable as an employer of Plaintiff for such violations pursuant to California Labor Code § 558.1.

66.    Wherefore, Plaintiff prays for relief set forth below.

### SECOND CAUSE OF ACTION
**Failure to Provide Rest Periods and Pay Missed Rest Period Premiums**
(Against All Defendants)

67.    Plaintiff realleges and incorporates by reference all previous paragraphs.

68.    Labor Code § 226.7(b) provides that "An employer shall not require an employee to work during a . . . rest . . . period mandated pursuant to an applicable statute, or applicable regulation,

**EXHIBIT A (Page 12 of 23)**

standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

69.    The California Supreme Court has held that, during required rest periods, "employers must relieve their employees of all duties and relinquish any control over how employees spend their break time." *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 260 (2016). Relinquishing control over employees during rest periods requires that employees be "free to leave the employer's premises" and be "permitted to attend to personal business." (*Id.* at 275.)

70.    In such cases where Defendants did not offer employees the opportunity to receive a compliant off-duty rest period, "the court may not conclude employees voluntarily chose to skip those breaks." *Alberts v. Aurora Behavioral Health Care*, 241 Cal. App. 4th 388, 410 (2015); *Brinker Rest. Corp. v. Superior Ct.*, 53 Cal. 4th 1004, 1033 (2012) ("No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it.").

71.    Here, Plaintiff frequently worked without breaks, which she should have been compensated for as an employee.  By its actions in requiring Plaintiff to work through rest periods, Defendants violated California Labor Code § 226.7, and are liable to Plaintiff.

72.     Despite Defendants' violations, Defendants have not paid in accordance with California Labor Code section 226.7.

73.    The foregoing violations create an entitlement to recovery by Plaintiff in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, and costs of suit pursuant to the Applicable Wage Order, and California Labor Code section 226.7.

74.    Pursuant to California Labor Code § 558.1, Defendants are sued collectively and individually as employers of Plaintiff, and/or a person acting on behalf of Plaintiff's employer, who violated, or caused to be violated, the California Labor Code, and as such, are liable as an employer of Plaintiff for such violations pursuant to California Labor Code § 558.1.

75.    Wherefore, Plaintiff prays for relief set forth below.

## THIRD CAUSE OF ACTION

**Failure to Provide Meal Periods and Pay Missed Meal Period Premiums**

**EXHIBIT A (Page 13 of 23)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

Costanzo Law firm, APC
111 W. St. John Street, #700
San Jose, CA 95113

(Against All Defendants)

76.     Plaintiff realleges and incorporates by reference all previous paragraphs.

77.     An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. Lab. Code, § 512, subd. (a).

78.     An employer who fails to provide an employee with these mandatory periods must pay the employee an additional hour of pay, at the employee's regular rate of compensation, for each workday that the meal or rest period is not provided. Lab. Code, § 226.7, subd. (c).

79.     Plaintiff is informed and believes and thereon alleges, that Defendants failed in their affirmative obligation to provide Plaintiff with all required meal periods in accordance with the mandates of the Labor Code.

80.     Here, Plaintiff frequently worked through her meal and lunch breaks, which she should have been compensated for as an employee.

81.     Despite Defendants' violations, Defendants have not paid an additional hour of pay to Plaintiff at her regular rates of pay for each violation, in accordance with California Labor Code section 226.7.

82.     As a result, Defendants are responsible for paying premium compensation for meal period violations, including interest thereon, statutory penalties, and costs of suit pursuant to the Labor Code sections 226.7 and 512, and Civil Code sections 3287, subdivision (b), and 3289.

83.     Pursuant to California Labor Code § 558.1, Defendants are sued collectively and individually as employers of Plaintiff, and/or a person acting on behalf of Plaintiff's employer, who violated, or caused to be violated, the applicable order of the Industrial Welfare Commission, as well as the California Labor Code, and as such, are liable as an employer of Plaintiff for such violations pursuant to California Labor Code § 558.1.

84.     Wherefore, Plaintiff prays for relief set forth below.

**FOURTH CAUSE OF ACTION**
**Failure to Furnish Accurate Itemized Wage Statements**
(Against All Defendants)

**EXHIBIT A (Page 14 of 23)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

85.    Plaintiff realleges and incorporates by reference all previous paragraphs.

86.    Labor Code section 226(a), obligates employers, semi-monthly or at the time of each payment to furnish an itemized wage statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under statute or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

87.    Here, SIHD did not provide proper wage statements because SIHD classified Ms. Garner as an independent contractor despite treating her as an employee. Further, SIHD did not make payroll deductions or withholdings for taxes or Social Security for Ms. Garner due to the misclassification.

88.    By failing to pay Plaintiff properly as described above, Defendants failed to comply with the law in that the payments owed to Plaintiff for unpaid minimum wages, unlawful deductions, reimbursable expenses, and missed meal and rest periods, were not all included in gross wages earned by Employee.

89.    Defendants' failure to comply with Labor Code section 226, subdivision (a), of the Labor Code was knowing and intentional. Lab. Code, § 226(e).

90.    Further, "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to

14
Complaint for Damages; Jury Trial Demand

**EXHIBIT A (Page 15 of 23)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law." Lab. Code, § 226.3.

91.     Additionally, Labor Code § 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period, as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

92.     As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff in violation of Labor Code section 226(a) and 226.3, Plaintiff is entitled to recover penalties, along with costs and reasonable attorneys' fees.

93.     Pursuant to California Labor Code § 558.1, Defendants are sued collectively and individually as employers of Plaintiff, and/or a person acting on behalf of Plaintiff's employer, who violated, or caused to be violated, the applicable order of the Industrial Welfare Commission, as well as the California Labor Code, and as such, are liable as an employer of Plaintiff for such violations pursuant to California Labor Code § 558.1.

94.     WHEREFORE, Plaintiff prays for relief set forth below.

### FIFTH CAUSE OF ACTION
**Whistleblower Retaliation in Violation of Labor Code § 1102.5 et seq.**
(Against All Defendants)

95.     Plaintiff re-allege and incorporate by reference all previous allegations.

96.     SIHD was Plaintiff's employer and Mr. Spiers acted on behalf of the employer.

97.     California Labor Code § 1102.5 prohibits retaliation by an employer, or any person acting on behalf of the employer, against employees who raise issues regarding their employer's compliance with statutory requirements.

98.     Here, Plaintiff engaged in protected activities when she refused Mr. Spiers' request to violate HIPAA and she assisted a co-worker with her complaint against SIHD. In retaliation for those actions, SIHD retaliated against Ms. Garner by creating a hostile work environment for her and terminating her.

**EXHIBIT A (Page 16 of 23)**

COSTANZO LAW FIRM, APC
111 W. St. John Street, #700
San Jose, CA 95113

99. Plaintiff had reasonable cause to believe that the information disclosed was a violation of or noncompliance with state or federal statutes, rules, or regulations.

100. Plaintiff was subjected to adverse employment actions by SIHD, by its other employees, and Mr. Spiers, as alleged more fully above, including but not limited to termination.

101. Her disclosures of information were a contributing factor in SIHD's and its agents' and supervisors', and each of their, decisions to take these adverse employment actions against Plaintiff.

102. SIHD's and/or its agents' and supervisors', and each of them believed that Plaintiff disclosed or might disclose information to a government or law enforcement agency, or to another employee with authority to investigate, discover, or correct the violation or noncompliance, that Plaintiff had reasonable cause to believe discloses a violation of or noncompliance with state or federal statute, rule, or regulation.

103. This belief that Plaintiff disclosed or might disclose information to a government or law enforcement agency, or to another employee with authority to investigate, discover, or correct the violation or noncompliance was a contributing factor in SIHD and/or its agents' and supervisors', and each of them taking adverse employment actions against Plaintiff, an employee.

104. Plaintiff was harmed and Defendants', and each of their, conduct was a substantial factor in causing Plaintiff's harm.

105. Plaintiff is informed and believes and, based thereon allege that all Defendants, and each of them, including the Defendants named as Does 1 through 25, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

106. As a direct and proximate result of Defendants' and each of their, wrongful conduct, Plaintiff suffered damages as alleged above including, but not limited to, loss of income and benefits, emotional distress, and other general damages.

107. Defendants' and each of their, conduct was malicious, oppressive, fraudulent, despicable and with an improper and evil motive amounting to malice in conscious or reckless disregard of Plaintiff's rights and safety, and Defendants and each of them, through their officers, managing agents, and/or their supervisors, engaged in, authorized, ratified, knew of the wrongful

**EXHIBIT A (Page 17 of 23)**

conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy the situation. Plaintiff is entitled an award of punitive damages against Defendants, and each of them, in an amount sufficient to punish and deter such conduct, up to the Constitutional maximum.

108.    As a proximate result of the wrongful acts of Defendants and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims and has incurred and is expected to continue to incur attorney fees and costs in connection therewith. Plaintiff is entitled to recover attorney fees and costs under California Labor Code § 1102.5(j).

109.    WHEREFORE, Plaintiff pray for relief set forth below.

### SIXTH CAUSE OF ACTION
#### Negligence
#### (Against All Defendants)

110.    Plaintiff re-allege and incorporate by reference all previous allegations.

111.    "'The elements of a cause of action for negligence are well established. They are "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury."'" *Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (1996).

112.    At all times herein mentioned, said Defendants, and each of them, had a duty of care to Plaintiff. An employer has a duty to provide a safe workplace, comply with applicable employment laws, and treat its employees fairly.

113.    SIHD breached its duties to Ms. Garner by misclassifying her as an independent contractor despite treating her as an employee. SIHD further acted negligently by retaliating against Ms. Garner for engaging in a protected activity. Ms. Garner was harmed financially by being misclassified and retaliated against because her pay statements did not accurately reflect her work as an employee and her termination resulted in a significant loss of income.

114.    The negligent conduct of said Defendants, and each of them, as set forth herein, did not comply with the standard of reasonable care to be exercised by said Defendants, which thereby proximately caused Plaintiff to suffer injuries and damages as set forth herein.

115.    The injuries to Plaintiff were caused solely and proximately by the negligence of said Defendants, and without any comparative negligence on her part.

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

17
Complaint for Damages; Jury Trial Demand

**EXHIBIT A (Page 18 of 23)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

116.    As a proximate result of said Defendants' negligent conduct, Plaintiff suffered severe emotional and mental distress having a traumatic effect on her emotional tranquility, as damages.

117.    As a proximate result of said Defendants' negligent conduct, Plaintiff also suffered wage loss and loss of future earning capacity.

118.    As a proximate result of Defendants' conduct, Plaintiff suffered economic and non-economic damages as hereinafter set forth.

119.    WHEREFORE, Plaintiff pray for relief set forth below.

## SEVENTH CAUSE OF ACTION
### Breach of Contract
### (Against All Defendants)

120.    Plaintiff re-allege and incorporate by reference all previous allegations.

121.    "To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (2014).

122.    Contract claims may be brought against public entities to the extent the asserted contractual rights are based in a statute or other legislative enactment, and an implied contract is not prohibited by statute. *Retired Employees Ass'n of Orange County, Inc. v. County of Orange*, 52 CA 4th 1171, 1176 (2011); *Valdez v. Cory*, 139 CA 3d 773, 786 (1983).

123.    Here, SIHD ended Ms. Garner's contract prematurely based on biased motives unrelated to her performance. Further, SIHD misrepresented to Ms. Garner that her duties would be those of an independent contractor. SIHD took advantage of Ms. Garner by treating her as an employee without the benefits that come with employment.

124.    As a result of Defendant's breach of a written or implied in fact contract with Plaintiff, Plaintiff has suffered lost income, general and special damages according to proof.

125.    Wherefore, Plaintiff pray for relief set forth below.

## EIGHTH CAUSE OF ACTION
### Breach of the Covenant of Good Faith and Fair Dealing
### (Against All Defendants)

18
Complaint for Damages; Jury Trial Demand

**EXHIBIT A (Page 19 of 23)**

126.    Plaintiff re-allege and incorporate by reference all previous allegations.

127.    The covenant of good faith and fair dealing is implied in every contract in that both parties will be faithful to the agreed contract. Restatement 2d of Contracts, § 205 (2nd 1981).

128.    Here, Ms. Garner relied on her contract with SIHD in believing that she was an independent contractor. She also relied on the five-year term detailed in the Agreement. Ms. Garner reasonably relied on these promises to her detriment. SIHD failed to uphold its contract, implied or explicit, with Ms. Garner.

129.    Defendants' breach of the implied covenant of good faith and fair dealing frustrated Plaintiff's rights to the benefits of the agreement.

130.    As a result of Defendants breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered lost income, as well as general and special damages according to proof.

131.    Wherefore, Plaintiff prays for relief set forth below.

<div align="center">

**NINTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
**(Against All Defendants)**

</div>

132.    Plaintiff re-allege and incorporate by reference all previous allegations.

133.    "A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'" *Hughes v. Pair*, 46 Cal. 4th 1035, 1050–1051 (2009).

134.    The conduct of SIHD and Mr. Spiers, more fully described of hereinabove was extreme and outrageous, so extreme as to be outside all bounds of conduct expected to exist in the workplace and outside all bounds of conduct usually tolerated in a civilized community, with the intention of causing, or reckless disregard of the probability of causing emotional distress. This conduct was directed at Plaintiff or occurring in Plaintiff's presence, of which Defendants, and each of them, were aware.

<div align="left">COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113</div>

<div align="center">19
Complaint for Damages; Jury Trial Demand</div>

<div align="right">**EXHIBIT A (Page 20 of 23)**</div>

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

135.    Here, Ms. Garner continues to suffer emotional distress after SIHD's retaliation ultimately led to her termination. SIHD intentionally caused Ms. Garner emotional distress by misclassifying her as an independent contractor, pressuring her to violate HIPAA, and retaliating and ultimately terminating Ms. Garner.

136.    Plaintiff suffered severe or extreme emotional distress, of such substantial quantity or enduring quality that no reasonable person in a civilized society should be expected to endure it.

137.    Defendants' and each of their outrageous conduct was the actual and proximate cause of Plaintiff's emotional distress, humiliation, mental anguish, and emotional and physical distress. Defendants', and each of their, conduct was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase and was done with a wanton and reckless disregard of the consequences to Plaintiff.

138.    Plaintiff is informed and believes and, based thereon allege that the fictitious Defendants named as Does 1 through 25, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

139.    As a direct and proximate result of Defendants', and each of their, conduct, Plaintiff sustained damages, including but not limited to, loss of earnings and earning potential, opportunities, and other benefits of employment and employment opportunities, medical and related expenses, as well as harm to her reputation, dignity, peace of mind, and causing her extreme mental anguish, mortification, humiliation, fright, terror, and other emotional distress. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

140.    Defendants' and each of their, conduct was malicious, oppressive, fraudulent, despicable and with an improper and evil motive amounting to malice in conscious or reckless disregard of Plaintiff's rights and safety, and Defendants and each of them, through their officers, managing agents, and/or their supervisors, engaged in, authorized, ratified, knew of the wrongful conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy the situation. Plaintiff is entitled an award of punitive damages against Defendants, and each of them, in an amount sufficient to punish and deter such conduct, up to the Constitutional maximum.

141.    Wherefore, Plaintiff prays for relief set forth below.

**EXHIBIT A (Page 21 of 23)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

## TENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### (Against All Defendants)

142.    Plaintiff re-allege and incorporate by reference all previous allegations.

143.    Defendants' and each of them were negligent as alleged more fully above.

144.    To succeed on a claim for negligent infliction of emotional distress, Plaintiff must meet the lower standard which is that SIHD acted with reckless disregard of the probability that Plaintiff would suffer emotional distress. All other elements remain the same.

145.    Ms. Garner can show that SIHD acted with reckless disregard of the probability she would suffer emotional distress from its conduct.

146.    Plaintiff suffered serious emotional distress that an ordinary, reasonable person would be unable to cope with.

147.    Defendants' and each of their, negligence was a substantial factor in causing Plaintiff's serious emotional distress.

148.    As a direct and proximate result of Defendants', and each of their, conduct, Plaintiff sustained damages, including but not limited to, loss of earnings and earning potential, opportunities, and other benefits of employment and employment opportunities, medical and related expenses, as well as harm to her reputation, dignity, peace of mind, and causing her extreme mental anguish, mortification, humiliation, fright, terror, and other serious emotional distress. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

149.    Wherefore, Plaintiff pray for relief set forth below.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief against Defendants, and each of them, as follows:

1.    For general damages, according to proof, on each cause of action for which such damages are available;

2.    For special damages, according to proof, on each cause of action for which such damages are available;

21
Complaint for Damages; Jury Trial Demand

**EXHIBIT A (Page 22 of 23)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

3.    For punitive damages, according to proof, on each cause of action for which such damages are available;

4.    For declaratory relief to declare Defendants', and each of their, conduct to be in violation of Plaintiff's rights;

5.    For penalties and fines as allowed by law on causes of action for which such damages are available;

6.    For injunctive relief to enjoin Defendants from engaging in such conduct;

7.    For pre-judgment and post-judgment interests according to law;

8.    For reasonable attorney's fees incurred in this action on those causes of action for which such fees are recoverable under applicable law;

9.    For costs of suit incurred in this action; and

10.   For such other and further relief as the Court deems just and proper.

Dated: August 21, 2024                                      Respectfully submitted,
                                                            Costanzo Law Firm, APC

                                                            _____
                                                            Lori J. Costanzo
                                                            Frank Zeccola
                                                            Luiza V. Dias
                                                            *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all causes of action alleged herein.

Dated: August 21, 2024,                                     Respectfully submitted,
                                                            Costanzo Law Firm APC

                                                            _____
                                                            Lori J. Costanzo
                                                            Frank Zeccola
                                                            Luiza V. Dias
                                                            *Attorneys for Plaintiff*

**EXHIBIT A (Page 23 of 23)**

# EXHIBIT B

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

Lori J. Costanzo (SBN 142633)
Frank Zeccola (SBN 308875)
Luiza V. Dias (SBN 320629)
COSTANZO LAW FIRM, APC
111 West Saint John Street, #700
San Jose, CA 95113
Phone:     408.993.8493
Fax:        408.993.8496
Email:     Lori@costanzo-law.com
            Frank.Zeccola@costanzo-law.com
            Luiza.dias@cosanzo-law.com

*Attorneys for Plaintiff Deborah Garner*

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF INYO

| | |
|---|---|
| DEBORAH GARNER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN INYO HEALTHCARE DISTRICT; and DOES 1–25, inclusive,<br><br>Defendants. | Case No.:  24UC71190<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1.  **VIOLATION OF THE FAIR LABOR STANDARDS ACT**<br>2.  **WHISTLEBLOWER RETALIATION**<br>3.  **BREACH OF CONTRACT**<br>4.  **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff DEBORAH GARNER ("Plaintiff" or "Ms. Garner") alleges against Southern Inyo Healthcare District ("Defendant" or "SIHD"), and Does 1 through 25 (all together referred to as "Defendants"), and each of them, as follows:

**PARTIES**

1. At all relevant times, Plaintiff DEBORAH GARNER was employed by and working for Defendant and Does 1 through 25 in Inyo County, California and was also paid by them and each of them from Inyo County, California. Plaintiff lived in Inyo County, California during part of her

1
First Amended Complaint for Damages; Jury Trial Demand

**EXHIBIT B (Page 1 of 18)**

Costanzo Law Firm, APC
111 W. St. John Street, #700
San Jose, CA 95113

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

employment with Defendant. The plaintiff entered into her employment agreement and relationship with Defendants and each of them in Lone Pine, California in Inyo County.

2. Defendant SOUTHERN INYO HEALTHCARE DISTRICT ("SIHD") is a public agency formed under California Health and Safety Code §32000, et. seq. SIHD offers health programs to the public in the County of Inyo, state of California, including acute inpatient and outpatient services, skilled nursing, education, referral services, and recruitment of health care personnel.

3. Defendant SIHD operates business from its headquarters in Inyo County.

4. At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every Defendant was the agent or employee of each and every other Defendant. In doing the things alleged in the causes of action into which this paragraph is incorporated by reference, each and every Defendant was acting within the course and scope of this agency or employment, and was acting with the consent, permission, and authorization of the remaining Defendants. All actions of each Defendant alleged in the causes of action into which this paragraph is incorporated by reference, were ratified and approved by officers and managing agents of every other Defendant.

5. Does 1 through 25, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to the Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by asserting their true names and capacities herein. Plaintiff is informed and believes, that thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants. Each reference in this complaint to "Defendant," "Defendants" or specifically named Defendant refers to all Defendants sued under fictitious names.

6. To the extent any allegation contradicts another allegation, they are to be construed as "alternative" theories.

## JURISDICTION AND VENUE

7. The monetary value of Plaintiff's claims exceeds $25,000, and the amount in controversy is within the jurisdiction of this Court.

2
First Amended Complaint for Damages; Jury Trial Demand

**EXHIBIT B (Page 2 of 18)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

8. Plaintiff, at all relevant times, worked in the County of Inyo. Plaintiff is informed and believes that the named Defendant is an entity in the County of Inyo. Plaintiff alleges on information and belief that Does 1-25 were and are California entities or individuals authorized to do, and who did business in the County of Inyo.

9. The acts, omissions, damages, and injury that form the basis of this lawsuit were sustained in the County of Inyo.

## ADMINISTRATIVE REMEDIES

10.     Pursuant to the California Tort Claims Act (Government Code §§ 810 through 996.6), Plaintiff gave timely, proper notice of her claim against the SIHD public entity by filing a "Government Claim" on or about May 1, 2024. SIHD rejected the Claim on June 12, 2024, and Plaintiff received notice thereof on June 24, 2024. Plaintiff filed this action within six months of SIHD's rejection notice, and therefore, Plaintiff has satisfied all requirements under the California Tort Claims Act.

11.     Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

12.     The California Workers' Compensation Act does not preempt this action because Defendants' unlawful practices, as alleged herein, are not risks or conditions of employment. Plaintiff is not required to satisfy any further private, administrative, or judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to any of the remaining causes of action in this complaint.

## FACTUAL ALLEGATIONS

13.     SIHD depends on directors employed at each of its offices to manage the rehabilitation and other services they provide. Although Plaintiff worked in SIHD's offices both in person and remotely, subject to its control, SIHD has classified Plaintiff as an "independent contractor" outside the protections of the federal Fair Labor Standards Act ("FLSA") and state wage and hour laws.

14.     Plaintiff is a covered employee within the meaning of the FLSA and SIH is a covered employer as defined by the FLSA.

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

15.      Plaintiff was hired in April 2021 as the Director of Rehabilitation Services for SIHD until October 22, 2023.

16.      Plaintiff typically worked between approximately 26 and 40 hours per week for SIHD's benefit.

17.      SIHD had substantial control over the working conditions of Plaintiff and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

18.      SIHD labeled Plaintiff as an "independent contractor" and her contract term with SIHD was extended from just a few months to five (5) years due to her stellar work performance. In an email on May 14, 2021, SIHD CEO Peter Spiers, said of Ms. Garner, "I'm so encouraged by our prospects for the future with you at the helm!"

19.      SIHD controlled Plaintiff's terms and conditions of employment by determining her compensation, the meetings she was required to attend, the manner in which she performed her assigned work, whether she worked in person or remotely, what events she had to attend.

20.      Plaintiff spent a portion of her employment with SIHD working in-person in California and the rest of the time working remotely. When Ms. Garner worked remotely, she was able to see issues that onsite employees were not aware of.

21.      As a Director, Plaintiff transformed the department from struggling to excelling. She built a well-functioning team, and her department was one of the highest performing in the organization, all because of her management.

22.      Plaintiff demonstrated her dedication to SIHD by working tirelessly for its benefit.

23.      Plaintiff would frequently work seven days a week and through her meal and rest breaks.

24.      While Ms. Garner does not deny that the original agreement provided by SIHD was made under "Deborah Garner of Garner Professional Services, LLC" or "Garner Professional Services, LLC" and referred to her as "Independent Contractor" or "Provider", SIHD treated Ms. Garner as an employee, not an independent contractor.

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

25.     All the work Plaintiff performed for SIHD was at the direction and under the supervision and control of SIHD's CEO, Peter Spiers. Ms. Garner and Mr. Spiers had an employee-manager relationship which included regular one-on-one meetings.

26.     Ms. Garner was a Director and her job responsibilities were that of a high-level employee and included placing SIHD employees on PIPs, sending letters directly to SIHD rehab patients under her title as Director, attending SIHD staff and manager meetings, communicating with SIHD departments including PFS, Billing, SNF, HR, Administration, Rehab, marketing, purchasing, Redoc, Nethealth Therapies and Staffing companies to discuss various situations, problem solve, educate, gain information, plan meetings, supervise payroll, and conduct employee performance reviews.

27.     Within these responsibilities, Mr. Spiers would direct Ms. Garner about disciplining employees, how to send emails, he would hold meetings with Ms. Garner's SIHD rehab staff, he oversaw and, at times, overrode her work, among other manners in which SIHD exerted control over Ms. Garner. Ms. Garner needed approval from Mr. Spiers and/or SIHD's HR to conduct practically every aspect of her job.

28.     SIHD controlled the hours Ms. Garner worked. According to the Rehabilitation Services Agreement provided by SIHD (hereinafter referred to as "the Agreement") "From May 21 to August 5, 2021, Provider's shall perform the Services for 40 hours per week."

29.     The Agreement was amended with the "First Amendment to Rehabilitation Services Agreement" on July 26, 2021, to state, "When providing the Services remotely (generally, during the school year), Provider will work part-time for 20 hours per week. When providing the Services in person (generally, during summer months), Provider will work full-time for 40 hours per week." This exhibits control that a business typically exercises over employees not independent contractors.

30.     SIHD controlled Ms. Garner's pay on a regular schedule and she was paid the same as an SIHD employee. According to the Amendment, "[SIHD] shall pay Provider $1,500.00 per week when Provider works part-time, and $3,000 per week when Provider works full-time. [SIHD] will pay Provider at the same time [SIHD] does its employee payroll payments."

**EXHIBIT B (Page 5 of 18)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

31.    Ms. Garner did not perform work outside the usual course of SIHD's business. Contracted workers such as Ms. Garner, who provide services in a role comparable to that of an existing employee, will likely be viewed as working in the usual course of the hiring entity's business.

32.    As the Director of Rehabilitation Services for SIHD, Ms. Garner was crucial to SIHD's business. Ms. Garner's responsibilities were the same as an HR director or HR manager within the Rehabilitation Services department, which is a vital role in any company's usual course of business and particularly for SIHD.

33.    Ms. Garner was treated as an employee by SIHD which resulted in her colleagues treating her as a fellow employee. For example, Ms. Garner conducted Orientation trainings for new hires, was always introduced as the Director of Rehabilitation Services/Rehab, she had an SIHD email address, was invited to the Christmas party every year for all employees, and she made donations to the organization when asked of Department Heads.

34.    SIHD through its CEO, Mr. Spiers, exhibited total control over Ms. Garner's work.

35.    As the Director of Rehabilitation Services for SIHD, Ms. Garner was crucial to SIHD's business and Ms. Garner did not perform work that is outside the usual course of SIHD's business.

36.    SIHD controlled the hours Ms. Garner worked and required a full-time, 40-hour workweek at times.

37.    SIHD controlled Ms. Garner's pay on a regular schedule and she was paid the same as an SIHD employee.

38.    Beginning in October 2022, speech pathologist Sierra Lotts's dedication to SIHD rapidly declined. For example, she was spending excessive amounts of time not working, not following SIHD's policies, not billing, not doing paperwork, disrupting patients and co-workers, arriving late, skipping meetings, ignoring emails, ordering supplies without permission, and moving furniture without permission.

39.    Ms. Garner repeatedly recommended to HR and SIHD's CEO, Peter Spiers, that Ms. Lotts be placed on a PIP or terminated as she was becoming a liability to the hospital. Specifically, in January 2023, Mr. Garner recommended that Ms. Lotts's travel contract not be renewed. HR's

Genoveva Southey agreed but then she and Mr. Spiers went around Ms. Garner and renewed Ms. Lotts's contract, ignoring all the blatant issues with her work performance. Other employees took issue with Ms. Lotts's contract being renewed, so much so that two employees quit over it.

40.     Ms. Garner's worst fears came true in March 2023 when Ms. Lotts stole hospital equipment (two laptops) and took them across the country without permission. Worse, those laptops were connected to the hospital servers which meant they contained sensitive patient information. This was a serious breach of security and theft of hospital property.

41.     After this incident, Mr. Spiers begrudgingly admitted that Ms. Garner had been right about Ms. Lotts and agreed she needed to be terminated. However, before HR could notify Ms. Lotts of her termination, she resigned.

42.     Ms. Garner resisted the CEO's pressure to violate HIPAA (Health Insurance Portability and Accountability Act) and suffered consequences.

43.     In March of 2023, SIHD's CEO, Peter Spiers, asked physical therapist Katheryn Cosner to disclose the personal medical information of a patient who was his friend. Ms. Cosner refused to disclose more than marketing or discharge information on the grounds that doing so would violate HIPAA.

44.     Mr. Spiers then went to Ms. Garner. He gave her the same improper assignment and told her to take corrective action leading to termination of Ms. Cosner for disobeying his order and not "being a team member." Ms. Garner firmly told Mr. Spiers that Ms. Cosner was right to deny his request because it was a direct violation of HIPAA. Mr. Spiers did not like being challenged by two strong women as evidenced by his past and future behavior, including ultimately terminating Ms. Garner for repeatedly voicing valid concerns.

45.     Ms. Garner met with Ms. Cosner and Ms. Southey from HR to discuss the incident.

46.     Ms. Cosner was visibly upset and fearful of Mr. Spiers. Ms. Cosner elaborated that she felt uncomfortable around Mr. Spiers because he would bully her and make hurtful remarks towards her.

47.     Despite this, Mr. Spiers was never punished for his treatment of Ms. Cosner nor his attempts to violate HIPAA. Instead, HR counseled Ms. Cosner on how to be more "approachable".

COSTANZO LAW FIRM, APC
111 W. St. John Street, #700
San Jose, CA 95113

**EXHIBIT B (Page 7 of 18)**

COSTANZO LAW FIRM, APC
111 W. St. John Street, #700
San Jose, CA 95113

48.   Ms. Garner Assisted an employee with her Complaint and Suffered Retaliation Because of it.

49.   In or around September 2023, Ms. Garner met with Physical Therapy Assistant, Lorena Dahlberg, to discuss Ms. Dahlberg's performance issues. Ms. Dahlberg preferred to do things "her way" rather than to follow company policies due to her work history at SIHD. Ms. Garner had previously brought Ms. Dahlberg's performance issues to HR, and although they acknowledged Ms. Dahlberg's insubordination, they did not help Ms. Garner with a solution.

50.   However, during their meeting, Ms. Dahlberg expressed issues she had with the SIHD organization and that she felt it was a horrible place to work.

51.   Ms. Garner listened to Ms. Dahlberg's complaints with empathy and followed company policies by taking her complaint to HR's Ms. Southey and the CEO, Peter Spiers. They called Ms. Dahlberg "disgruntled" and told Ms. Garner they would handle it.

52.   HR eventually met with Ms. Dahlberg in October, but no action was taken to either resolve Ms. Dahlberg's concerns or address her performance issues.

53.   Ms. Garner was subsequently retaliated against for aiding Ms. Dahlberg in bringing her complaint. Mr. Spiers began to micromanage Ms. Garner for example, she would tell her not to email multiple people, not to hold meetings with Ms. Garner's staff without allowing her to attend. These retaliatory actions interfered with and prevented Ms. Garner from doing her job because Mr. Spiers was restricting access to her team which impacted her ability to perform her job.

54.   Mr. Spiers commented during their one-on-ones that Ms. Garner needed to visit the SIHD facility in-person. Ms. Garner told Mr. Spiers that, per his request on behalf of SIHD, she would travel to California from Tennessee. Ms. Garner was expected to continue working while she traveled from Tennessee to California and had to uphold her family responsibilities as a new mother. To take this trip, Ms. Garner had to take out a $12,000 loan to conduct maintenance necessary for her motorhome to safely travel to California. The cost of fuel ballooned to several thousand dollars due to high diesel prices, plus the costs for RV parks and food. Had Ms. Garner not needed to make this trip, she would not have taken out the loan or incurred the additional costs and stress of travel.

**EXHIBIT B (Page 8 of 18)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

55.     On October 24, 2023, after arriving in New Mexico on her way to the SIHD facility, Mr. Spiers, without warning or notice, verbally notified Ms. Garner that he was terminating her during a zoom meeting. Ms. Garner was shocked because her department was one of the top performing departments in terms of revenue and number of patients. Mr. Spiers said the termination was not based on her job performance but because she worked remotely. She was not offered the opportunity to relocate and keep her job which she would have preferred.

56.     The Agreement states that the contract will "terminate on July 27, 2026 . . . ." Section 8.2.1 of the same agreement states "Either party may terminate this Agreement at any time for any reason upon delivering not less than 60 days prior *written* notice . . ." (emphasis added).

57.     After receiving no physical evidence of her firing, Ms. Garner asked for her termination in writing. Mr. Spiers was evasive to the point of rudeness and dragged his feet to comply. It was not until November 4, 2023, that Ms. Garner finally received an email copy of her termination letter backdated to October 22, 2023.  Her last day was December 31, 2023, which is less than 60 days from when she received written notice of her termination (November 4, 2023).

58.     CEO Spiers demanded that Ms. Garner commit fraudulent billing on behalf of SIHD.

59.     On December 1, 2023, physical therapist Adam Maxwell asked Ms. Garner to help him clarify if a service should be classified as a screen or an evaluation. Ms. Garner explained that the service was a screen and was not billable but needed to be documented for the patient's chart. She further explained that it would not be legal or ethical to bill for an evaluation that was not performed.

60.     Mr. Spiers then said he was overriding Ms. Garner and wanted Mr. Maxwell to bill it as an evaluation. In essence, Mr. Spiers wanted Mr. Maxwell to fraudulently bill a patient for services he did not receive, which is not only illegal, but also unethical. Ms. Garner was not privy to the ultimate decision but believes Mr. Spiers' preference to commit fraud was followed because he is the highest-ranking officer at SIHD.

61.     Ms. Garner again refused to violate state and federal law while SIHD and Mr. Spiers encouraged it.

**EXHIBIT B (Page 9 of 18)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

62. Ms. Garner seeks compensation for past and future economic and non-economic damages which include medical expenses, unpaid payroll taxes, liquidated damages, emotional distress, lost wages, and attorney's fees and costs.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.)**
**Misclassification of Employee as Independent Contractor, Unpaid Wages**
(Against All Defendants)

63. Plaintiff realleges and incorporates by reference all previous paragraphs.

64. At all times relevant hereto, Plaintiff was an employee, although she was willfully misclassified as an independent contractor.

65. Plaintiff was employed by Defendant and performed work that was integral to Defendant's business operations. Despite the nature of the working relationship, Defendant misclassified Plaintiff as an independent contractor instead of an employee.

66. Defendant exercised significant control over Plaintiff's work, including directing the manner, timing, and method of tasks performed.

67. Plaintiff was economically dependent on Defendant for their primary source of income.

68. Defendant provided the tools, equipment, and facilities necessary for Plaintiff's work.

69. Plaintiff's role did not involve significant opportunities for independent profit or loss.

70. Plaintiff's work required minimal entrepreneurial skill and was integral to Defendant's core business operations.

71. By misclassifying Plaintiff, Defendant willfully violated the FLSA by failing to: Pay Plaintiff the federally mandated minimum wage as required by 29 U.S.C. § 206; and compensate Plaintiff at the required overtime rate for all hours worked in excess of 40 per week, as required by 29 U.S.C. § 207.

72. Defendant's actions were willful and intentional. Despite knowing the nature of Plaintiff's employment relationship, Defendant deliberately misclassified Plaintiff to avoid paying overtime and providing benefits mandated by the FLSA.

**EXHIBIT B (Page 10 of 18)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

73.     As a direct result of Defendant's misclassification: Plaintiff was denied minimum wages and overtime compensation to which they were entitled; and Plaintiff suffered financial losses, including unpaid wages and benefits.

74.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks the following relief: All unpaid wages and overtime compensation; liquidated damages in an amount equal to the unpaid wages and overtime; reasonable attorneys' fees and costs incurred in pursuing this action; and any other relief deemed just and proper by the Court.

## SECOND CAUSE OF ACTION
### Whistleblower Retaliation in Violation of Labor Code § 1102.5 et seq.
(Against All Defendants)

75.     Plaintiff re-alleges and incorporates by reference all previous allegations.

76.     SIHD was Plaintiff's employer and Mr. Spiers acted on behalf of the employer.

77.     California Labor Code § 1102.5 prohibits retaliation by an employer, or any person acting on behalf of the employer, against employees who raise issues regarding their employer's compliance with statutory requirements.

78.     Plaintiff engaged in protected activities when she refused Mr. Spiers' request to violate HIPAA, refused to terminate an employee for following HIPAA, and she assisted a co-worker with her complaint against SIHD. In retaliation for those actions, SIHD retaliated against Ms. Garner by creating a hostile work environment for her, micromanaging her, telling her to be more "approachable", restricting access to her team, making her incur travel expenses, asking her to commit fraudulent billing, terminating her without proper written notice, and backdating her termination letter.

79.     Plaintiff had reasonable cause to believe that the information disclosed was a violation of or noncompliance with state or federal statutes, rules, or regulations.

80.     Plaintiff was subjected to adverse employment actions by SIHD, by its other employees, and Mr. Spiers, as alleged more fully herein, including but not limited to termination.

**EXHIBIT B (Page 11 of 18)**

81. Her disclosures of information were a contributing factor in SIHD's and its agents' and supervisors', and each of their, decisions to take these adverse employment actions against Plaintiff.

82. SIHD's and/or its agents' and supervisors', and each of them believed that Plaintiff disclosed or might disclose information to a government or law enforcement agency, or to another employee with authority to investigate, discover, or correct the violation or noncompliance, that Plaintiff had reasonable cause to believe discloses a violation of or noncompliance with state or federal statute, rule, or regulation.

83. This belief that Plaintiff disclosed or might disclose information to a government or law enforcement agency, or to another employee with authority to investigate, discover, or correct the violation or noncompliance was a contributing factor in SIHD and/or its agents' and supervisors', and each of them taking adverse employment actions against Plaintiff, an employee.

84. Plaintiff was harmed and Defendants', and each of their, conduct was a substantial factor in causing Plaintiff's harm.

85. Plaintiff is informed and believes and, based thereon allege that all Defendants, and each of them, including the Defendants named as Does 1 through 25, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

86. As a direct and proximate result of Defendants' and each of their, wrongful conduct, Plaintiff suffered damages as alleged above including, but not limited to, loss of income and benefits, emotional distress, and other general damages.

87. As a proximate result of the wrongful acts of Defendants and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims and has incurred and is expected to continue to incur attorney fees and costs in connection therewith. Plaintiff is entitled to recover attorney fees and costs under California Labor Code § 1102.5(j).

**THIRD CAUSE OF ACTION**
**Breach of Contract**
**(Against All Defendants)**

88. Plaintiff re-alleges and incorporates by reference all previous allegations.

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

**EXHIBIT B (Page 12 of 18)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

89.    "To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (2014).

90.    The doctrine of sovereign immunity has not protected public entities in California from liability arising out of contract. Cal. Gov. Code § 814 reaffirms the longstanding rule that governmental immunity does not encompass contractual liability. *Souza & McCue Constr. Co. v. Superior Court*, 57 Cal. 2d 508, 510 (1962).

91.    Plaintiff entered into a valid and enforceable contract with Defendant SIHD, specifically the First Amendment to the Rehabilitation Services Agreement, signed by Plaintiff and Mr. Spiers, CEO, on or about April 13, 2013. Sections 8.1 and 8.2.1 of this Agreement required Defendant to provide Plaintiff with a minimum of 60 days' written notice of termination.

92.    Defendant breached the Agreement by failing to provide the required notice prior to Plaintiff's termination, thereby violating the express terms of Sections 8.1 and 8.2.1.

93.    This cause of action is to be construed as an alternative theory of liability.

94.    As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including but not limited to lost income, emotional distress, and other general and special damages, including attorneys fees, in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
**Breach of the Covenant of Good Faith and Fair Dealing
(Against All Defendants)**

95.    Plaintiff re-alleges and incorporates by reference all previous allegations.

96.    The covenant of good faith and fair dealing is implied in every contract in that both parties will be faithful to the agreed contract. Restatement 2d of Contracts, § 205 (2nd 1981).

97.    This covenant imposes a duty on each party to act in a manner that does not deprive the other party of the benefits of the contract.

**EXHIBIT B (Page 13 of 18)**

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

98.    There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement. *Comunale v. Traders & Gen. Ins. Co.*, 50 Cal. 2d 654, 328 P.2d 198 (1958).

99.    Plaintiff entered into a valid and enforceable contractual relationship with Defendant SIHD through the Rehabilitation Services Agreement and its First Amendment. Plaintiff reasonably relied on specific provisions of this Agreement, including the five-year term and the written notice requirements in Sections 8.1 and 8.2.1, which were designed to provide contractual security and predictability.

100.    Defendants breached the implied covenant of good faith and fair dealing by engaging in conduct that frustrated Plaintiff's right to enjoy the benefits of the Agreement, such as when Defendants told Plaintiff to travel across the country and then terminated the agreement while she was almost arriving at the facility.

101.    Additionally, Defendants failed to honor the terms of the Agreement by treating Plaintiff unfairly and failing to provide the contractual benefits, including adherence to the agreed-upon term and notice provisions.

102.    Plaintiff was unlawfully retaliated against for not agreeing to violate state and federal law.

103.    Defendants did not act fairly and in good faith.

104.    Defendants' conduct undermined Plaintiff's reliance on the Agreement and the reasonable expectations arising from it. This breach caused Plaintiff to suffer damages, including but not limited to lost income, reputational harm, and emotional distress, in an amount to be proven at trial.

105.    As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered economic and non-economic damages, including lost income, general damages, and special damages, in an amount to be determined according to proof. Plaintiff prays for the relief set forth below.

### **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for relief against Defendants, and each of them, as follows:

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

1. For general damages, according to proof, on each cause of action for which such damages are available;

2. For special damages, according to proof, on each cause of action for which such damages are available;

3. Unpaid minimum wages and overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, et seq., and the supporting United States Department of Labor regulations;

4. For pre-judgment and post-judgment interests according to law;

5. For reasonable attorney's fees incurred in this action on those causes of action for which such fees are recoverable under applicable law;

6. For costs of suit incurred in this action; and

7. For such other and further relief as the Court deems just and proper.

Dated: January 10, 2025

Respectfully submitted,
Costanzo Law Firm, APC

Lori J. Costanzo
Frank Zeccola
Luiza V. Dias
*Attorneys for Plaintiff*

15
First Amended Complaint for Damages; Jury Trial Demand

**EXHIBIT B (Page 15 of 18)**

45

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all causes of action alleged herein.

Dated: January 10, 2025,                     Respectfully submitted,
                                             Costanzo Law Firm, APC

                                             _Lf Costanzo_
                                             _____
                                             Lori J. Costanzo
                                             Frank Zeccola
                                             Luiza V. Dias
                                             *Attorneys for Plaintiff*

16
First Amended Complaint for Damages; Jury Trial Demand

**EXHIBIT B (Page 16 of 18)**

Lori J. Costanzo SBN 142633
Frank Zeccola SBN 308875
Luiza Dias SBN 320629
**COSTANZO LAW FIRM, APC**
111 West Saint John Street, #700
San Jose, CA 95113
Phone:    408.993.8493
Fax:      408.993.8496
Email:    Lori@costanzo-law.com
          Frank.zeccola@costanzo-law.com
          Luiza.dias@costanzo-law.com

*Attorneys for Plaintiff, Deborah Garner*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF INYO – UNLIMITED JURISDICTION

| | |
|---|---|
| DEBORAH GARNER, an individual, | Case No.: 24UC71190 |
| Plaintiff, | **PROOF OF SERVICE** |
| vs. | |
| SOUTHERN INYO HEALTHCARE DISTRICT; PETER SPIERS, an individual in his official and personal capacity; and DOES 1-25, inclusive, | |
| Defendants. | |

1
PROOF OF SERVICE

**EXHIBIT B (Page 17 of 18)**

**PROOF OF SERVICE BY ELECTRONIC MAIL**

STATE OF CALIFORNIA, COUNTY OF INYO

I am employed in the County of Santa Clara, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 111 W. St. John Street, Suite 700, San Jose, CA 95113. On January 10, 2025, I served the within:

**FIRST AMENDED COMPLAINT**

on the parties in said action, by the following means:

☒      (BY EMAIL) By transmitting a true copy thereof by electronic mail from Zara.ashtiani@costanzo-law.com to the interested parties to said action at the e-mail addresses shown below.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on January 10, 2025, in San Jose, California.

_____/s/ Zara Ashtiani_____
Zara Ashtiani

NAME(S) AND ADDRESS(ES) OR FAX NUMBER(S) OF EACH PARTY SERVED:

Rose Huelskamp Serrano
Katherine C. Fine
Terrie Quinton
Christine Iriarte-Marshall
Duckor Metzger & Wynne
101 West Broadway, Suite 1700
serrano@dmwplc.com
fine@dmwplc.com
Quinton@dmwplc.com
marshall@dmwplc.com
*Counsel for Defendant*

<div style="text-align:left">COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113</div>

2
PROOF OF SERVICE

**EXHIBIT B (Page 18 of 18)**

# EXHIBIT C

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

Lori J. Costanzo SBN 142633
Frank Zeccola SBN 308875
Luiza Dias SBN 320629
**COSTANZO LAW FIRM, APC**
111 West Saint John Street, #700
San Jose, CA 95113
Phone:    408.993.8493
Fax:       408.993.8496
Email:    Lori@costanzo-law.com
              Frank.zeccola@costanzo-law.com
              Luiza.dias@costanzo-law.com

*Attorneys for Plaintiff, Deborah Garner*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF INYO – UNLIMITED JURISDICTION

| | |
|---|---|
| DEBORAH GARNER, an individual, | Case No.: 24UC71190 |
| Plaintiff, | **PROOF OF SERVICE** |
| vs. | |
| SOUTHERN INYO HEALTHCARE DISTRICT; PETER SPIERS, an individual in his official and personal capacity; and DOES 1-25, inclusive, | |
| Defendants. | |

1
PROOF OF SERVICE

**EXHIBIT C (Page 1 of 2)**

**PROOF OF SERVICE BY ELECTRONIC MAIL**

STATE OF CALIFORNIA, COUNTY OF INYO

I am employed in the County of Santa Clara, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 111 W. St. John Street, Suite 700, San Jose, CA 95113. On January 10, 2025, I served the within:

**FIRST AMENDED COMPLAINT**

on the parties in said action, by the following means:

☒      (BY EMAIL) By transmitting a true copy thereof by electronic mail from Zara.ashtiani@costanzo-law.com to the interested parties to said action at the e-mail addresses shown below.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on January 10, 2025, in San Jose, California.

_____/s/ Zara Ashtiani_____
Zara Ashtiani

NAME(S) AND ADDRESS(ES) OR FAX NUMBER(S) OF EACH PARTY SERVED:

Rose Huelskamp Serrano
Katherine C. Fine
Terrie Quinton
Christine Iriarte-Marshall
Duckor Metzger & Wynne
101 West Broadway, Suite 1700
serrano@dmwplc.com
fine@dmwplc.com
Quinton@dmwplc.com
marshall@dmwplc.com
*Counsel for Defendant*

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

2
PROOF OF SERVICE

**EXHIBIT C (Page 2 of 2)**

# EXHIBIT D

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

**SUM-100**

COPY

## SUMMONS
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**  Southern Inyo Healthcare District; Peter Spiers, an
*(AVISO AL DEMANDADO):*  individual

**YOU ARE BEING SUED BY PLAINTIFF:**  Deborah Garner, an individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefonica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Bishop Courthouse<br>*(El nombre y dirección de la corte es):*  301 West Line St.<br>Bishop, CA 93514 | **CASE NUMBER:**<br>*(Número del Caso):*<br>24UC71190 |

Luiza V. Dias  408-993-8493

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: 111 W. St. John St. #700. San Jose. CA 95113
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Pamela M. Foster

DATE:  8/22/24                    Clerk, by  **K. Schafer**                , Deputy
*(Fecha)*                         *(Secretario)* _____        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**EXHIBIT D (Page 1 of 13)**

| | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF INYO<br>**Independence Branch**<br>**168 North Edwards Street**<br>**P.O. Drawer U**<br>**Independence, CA 93526** | ELECTRONICALLY<br>**FILED**<br>BY SUPERIOR COURT OF CALIFORNIA,<br>COUNTY OF INYO<br>ON 08/22/2024<br>PAMELA M. FOSTER, CLERK<br>KITTY SCHAFER, DEPUTY |
| PETITIONER/ PLAINTIFF: Deborah Garner<br><br>vs.<br><br>RESPONDENT/DEFENDANT: Southern Inyo Healthcare District | |
| **NOTICE OF FILING COMPLAINT** | CASE NUMBER: 24UC71190 |

TO COUNSEL FOR PLAINTIFF: You are hereby notified that the complaint in the above entitled case was filed on August 22, 2024. The defendant(s) in this matter must be served and a Proof of Service filed within the Court within 60 days from the date the complaint was filed.

Date: <u>August 22, 2024</u>          Pamela M. Foster, Clerk, by _____, Deputy Clerk

### CLERK'S CERTIFICATE OF SERVICE

☒      I certify that I am not a party to this cause and that copies of the foregoing notice were mailed (first class, postage prepaid) in sealed envelopes, addressed as shown below at Independence, CA, on August 22, 2024. (Statement of Time Requirements attached).

Lori Costanzo
111 W St John St 700
SAN JOSE, CA 95113

☒      I certify that I am not a party to this cause and that copies of the foregoing notice were hand-delivered at the time of filing complaint. (Statement of Time Requirements attached).

Date: <u>August 22, 2024</u>          Pamela M. Foster, Clerk, by _____, Deputy Clerk

| | | |
|---|---|---|
| Form Adopted by<br>Inyo County Superior Court<br>Effective 05/01/04 | **NOTICE OF FILING COMPLAINT** | CMF<br>Page 1 of 9 |

**EXHIBIT D (Page 2 of 13)**

54

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF INYO<br>Independence Branch<br>168 North Edwards Street<br>P.O. Drawer U<br>Independence, CA 93526 | FOR COURT USE ONLY<br><br>ELECTRONICALLY<br>FILED<br>BY SUPERIOR COURT OF CALIFORNIA,<br>COUNTY OF INYO<br>ON 08/22/2024<br>PAMELA M. FOSTER, CLERK<br>KITTY SCHAFER, DEPUTY |
|---|---|
| PETITIONER/ PLAINTIFF: Deborah Garner<br><br>vs.<br><br>RESPONDENT/DEFENDANT: Southern Inyo Healthcare District | |
| NOTICE OF FIRST CASE MANAGEMENT CONFERENCE | CASE NUMBER: 24UC71190 |

Notice is given that the **First Case Management Conference** has been scheduled as follows:

DATE:11/21/24 TIME:1:00 PM

DEPARTMENT:1

**Address of Court is**   168 N. Edwards Street, Independence, CA 93526

You must file and serve a completed Case Management Statement at least five (5) days before the case management conference. (Rule 6.9 of the Local Rules of Court for the Superior Court of Inyo County.)

You must be familiar with the case and be fully prepared to participate effectively in the case management conference. (Rule 6.10 (b) of the Local Rules of Court for the Superior Court of Inyo County.)

At the case management conference the court may make pretrial orders. (Rule 6.10 (b) of the Local Rules of Court for the Superior Court of Inyo County.)

Jury Fees due prior to 1st Case Management Conference (CCP 631, SB 1021)

Date: <u>August 22, 2024</u>          Pamela M. Foster, Clerk, by _____, Deputy Clerk

-SANCTIONS-

**If you do not file the required Case Management Statement, or attend and participate effectively in the Case Management Conference, the Court may impose sanctions. (Rules 6.10 and 6.19 of the Local Rules of Court for the Superior Court of Inyo County.)**

**THE HONORABLE SUSANNE M. RIZO IS ASSIGNED TO THIS CASE FOR ALL PURPOSES.**

| Form Adopted by<br>Inyo County Superior Court<br>Effective 05/01/04 | NOTICE OF FIRST CASE<br>MANAGEMENT CONFERENCE | CMF<br>Page 2 of 9 |
|---|---|---|

**EXHIBIT D (Page 3 of 13)**

## STATEMENT OF REQUIREMENTS

**Service of the Summons and Complaint and Filing of Proof of Service** – Summons and complaint must be served and a proof of service must be filed with the Court no later than 60 days after filing of the complaint. (Rule 6.6 of the Local Rules of Court for the Superior Court of Inyo County).

**Responsive Pleadings** – Responsive pleadings shall be filed and served within the time required by law. (Rule 6.7 of the Local Rules of Court for the Superior Court of Inyo County).

**Default** – If no responsive pleading is filed within the statutory time, the Plaintiff is required to request entry of default at which time the Court will set and notice a default hearing, or as otherwise provided in Rule 6.7 of the Local Rules of Court for the Superior Court of Inyo County.

**Case Management and Trial Setting Conference** – A Case Management and Trial Setting Conference will be held within 150 days of the filing date of the original Complaint. Personal appearances by counsel are mandatory unless arrangements have been made with the Court's Calendar Clerk at least 5 days prior to the conference to appear telephonically. (Rule 6.9 and 6.10 of the Local Rules of Court for the Superior Court of Inyo County)

**Mandatory Settlement Conference** – A Mandatory Settlement Conference shall be set approximately 6 weeks prior to the trial, or at such other date the Court determines to be appropriate. Personal appearances are required by all parties and all attorneys trying the case. Each party shall serve and file a settlement conference brief at least 5 days prior to the Settlement Conference. Failure to appear at, prepare for, or participate in good faith in a mandatory settlement conference without good cause, may result in sanctions. (Rule 6.11 of the Local Rules of Court for the Superior Court of Inyo County)

**Pretrial Conference** – A pretrial conference shall be set approximately 5 judicial days prior to the trial date. Personal appearances by all attorneys are mandatory. At least 5 judicial days prior to the pretrial conference, counsel shall have served, exchanged and filed with the Court all appropriate pleadings and documents as specified in Rule 6.15 of the Local Rules of Court for the Superior Court of Inyo County.

**Court Reporters** – Will not be provided by the Court for civil trials or civil hearings set for over 1 hour.

**Jury Fees** - Due prior to 1st Case Management Conference (CCP 631, SB 1021)

Form Adopted by
Inyo County Superior Court
Effective 05/01/04

**CASE MANAGEMENT STATEMENT**

CMF
Page 3 of 9

**EXHIBIT D (Page 4 of 13)**

56

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: <br> NAME: Lori Costanzo, SBN 142633; Frank Zeccola, SBN 308875; Luiza Dias, SBN 320629 <br> STATE BAR NO: | FOR COURT USE ONLY |
|---|---|

FIRM NAME: Costanzo Law Firm, APC
STREET ADDRESS: 111 W. St. John St. #700
CITY: San Jose     STATE: CA    ZIP CODE: 95113
TELEPHONE NO.: 408-993-8493     FAX NO.: 408-993-8496
E-MAIL ADDRESS: lori@costanzo-law.com; frank.zeccola@costanzo-law.com; luiza.dias@costanzo-law.com
ATTORNEY FOR (Name): Plaintiff Deborah Garner

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   INYO
STREET ADDRESS: 301 West Line Street
MAILING ADDRESS: 301 West Line Street
CITY AND ZIP CODE: Bishop 93514
BRANCH NAME:   Bishop Courthouse

Plaintiff/Petitioner: Deborah Garner, an individual,
Defendant/Respondent:   Southern Inyo Healthcare District; Peter Spiers, an individual in his official and personal capacity; and Does 1-25, inclusive,

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> 24UC71190 |
|---|---|

TO *(insert name of party being served):*  Maritza Perkins, on behalf of Southern Inyo Heathcare District

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:    08/27/2024

Luiza Dias
(TYPE OR PRINT NAME)                                    ▶                   (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [ x ]  A copy of the summons and of the complaint.
2. [ x ]  Other *(specify):*    Civil Case Cover Sheet
                                 Notice of Filing Complaint

                                 Notice of First Case Management  Conference

*(To be completed by recipient):*

Date this form is signed: _____9/4/24____

Maritza Perkins  Exec Dir Admin Ser ▶

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure, <br> §§ 415.30, 417.10 <br> www.courtinfo.ca.gov |
|---|---|---|

For your protection and privacy, please press the Clear
This Form button after you have printed the form.       [ Print this form ]   [ Save this form ]         [ Clear this form ]

**EXHIBIT D (Page 5 of 13)**

57

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY:                    STATE BAR NO:
NAME: Lori Costanzo, SBN 142633; Frank Zeccola, SBN 308875; Luiza Dias, SBN 320629

FIRM NAME: Costanzo Law Firm, APC

STREET ADDRESS: 111 W. St. John St. #700

CITY: San Jose                    STATE: CA    ZIP CODE: 95113

TELEPHONE NO.: 408-993-8493          FAX NO.: 408-993-8496

E-MAIL ADDRESS: lori@costanzo-law.com; frank.zeccola@costanzo-law.com; luiza.dias@costanzo-law.com

ATTORNEY FOR (Name): Plaintiff Deborah Garner

**FOR COURT USE ONLY**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF INYO

STREET ADDRESS: 301 West Line Street

MAILING ADDRESS: 301 West Line Street

CITY AND ZIP CODE: Bishop 93514

BRANCH NAME: Bishop Courthouse

Plaintiff/Petitioner: Deborah Garner, an individual,

Defendant/Respondent: Southern Inyo Healthcare District; Peter Spiers, an individual in his official and personal capacity; and Does 1-25, inclusive,

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 24UC71190 |
|---|---|

TO *(insert name of party being served):*    Rose Huelskamp Serrano, on behalf of Peter Spiers

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:    10/02/2024

Luiza Dias
(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1.  [x]  A copy of the summons and of the complaint.
2.  [x]  Other *(specify):*    Civil Case Cover Sheet
                               Notice of Filing Complaint
                               Notice of First Case Management Conference

*(To be completed by recipient):*

Date this form is signed:   10/17/2024

Attorneys for Defendants Southern Inyo Healthcare District and Peter Spiers

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

*Rose Huelskamp Serrano*

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]    [ Save this form ]    [ Clear this form ]

EXHIBIT D (Page 6 of 13)

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY    STATE BAR NUMBER:

NAME: Lori Costanzo, SBN 142633; Frank Zeccola, SBN 308875; Luiza Dias, SBN 320629

FIRM NAME: Costanzo Law Firm, APC

STREET ADDRESS: 111 W. St. John St. #700

CITY: San Jose    STATE: CA    ZIP CODE: 95113

TELEPHONE NO.: 408-993-8493    FAX NO.: 408-993-8496

EMAIL ADDRESS: lori@costanzo-law.com; frank.zeccola@costanzo-law.com; luiza.dias@costanzo-law.com

ATTORNEY FOR *(name)*: Plaintiff Deborah Garner

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** INYO

STREET ADDRESS: 301 West Line St.

MAILING ADDRESS: 301 West Line St.

CITY AND ZIP CODE: Bishop 93514

BRANCH NAME: Bishop Courthouse

PLAINTIFF/PETITIONER: DEBORAH GARNER, an individual,

DEFENDANT/RESPONDENT: SOUTHERN INYO HEALTHCARE DISTRICT; PETER SPIERS, an individual in his official and personal capacity; and DOES 1-25, inclusive,

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* [X] **UNLIMITED CASE** (Amount demanded exceeds $35,000)   [ ] **LIMITED CASE** (Amount demanded is $35,000 or less) | 24UC71190 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 11/21/24    Time: 1:00PM    Dept.: 1    Div.:    Room:

Address of court *(if different from the address above):* 168 N. Edwards Street, Independence, CA 93526

[X] **Notice of Intent to Appear by Telephone,** by *(name):* Luiza V. Dias

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* Plaintiff Deborah Garner
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 08/22/2024
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [X] complaint    [ ] cross-complaint    *(Describe, including causes of action):*

   Complaint for damages: (1) Willful Misclassification of Individuals in violation of Labor Code § 226.8(a)(1) and 226.8(b) and/or 226.8(c); (2) Failure to Provide Rest Periods and Pay Missed Rest Period Premiums; (3) Failure to Provide Meal Periods and Pay Missed Rest Period Premiums; (4) Failure to Furnish Accurate Itemized Wage Statements; (5) Whistleblower Retaliation in violation of Labor Code § 1102.5 et seq.; (6) Negligence; (7) Breach of Contract; (8) Breach of Covenant of Good Faith and Fair Dealing (9) Intentional Infliction of Emotional Distress; (10) Negligent Infliction of Emotional Distress

Page 1 of 5

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2024] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |
|---|---|---|

**EXHIBIT D (Page 7 of 13)**

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: DEBORAH GARNER, an individual,<br>DEFENDANT/RESPONDENT: SOUTHERN INYO HEALTHCARE DISTRICT; PETER SPIERS, an individual in his official and personal capacity; and DOES 1-25, inclusive | CASE NUMBER:<br>24UC71190 |

4. b. Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*

Complaint for damages including general damages, special damages, punitive damages, declaratory relief, penalties and fines as allowed by law, injunctive relief, pre-judgment and post-judgment interests, reasonable attorney's fees, costs of suit incurred in this action, and any other and further relief as the Court deems just and proper.

[ ] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request [X] a jury trial [ ] a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. [ ] The trial has been set for *(date):*

b. [X] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a. [X] days *(specify number):* 3-5 days

b. [ ] hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial [X] by the attorney or party listed in the caption [ ] by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:          f. Fax number:

e. Email address:             g. Party represented:

[ ] Additional representation is described in Attachment 8.

9. **Preference**

[ ] This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

   (1) For parties represented by counsel: Counsel [X] has [ ] has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

   (2) For self-represented parties: Party [ ] has [ ] has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

   (1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

   (2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   (3) [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

---

CM-110 [Rev. January 1, 2024]                **CASE MANAGEMENT STATEMENT**                Page 2 of 5

**EXHIBIT D (Page 8 of 13)**

**CM-110**

| PLAINTIFF/PETITIONER: DEBORAH GARNER, an individual,<br>DEFENDANT/RESPONDENT: SOUTHERN INYO HEALTHCARE DISTRICT; PETER SPIERS, an individual in his official and personal capacity; and DOES 1-25, inclusive, | CASE NUMBER:<br>24UC71190 |
|---|---|

10. c. In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. January 1, 2024] **CASE MANAGEMENT STATEMENT** Page 3 of 5

**EXHIBIT D (Page 9 of 13)**

**CM-110**

| PLAINTIFF/PETITIONER: DEBORAH GARNER, individual, | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SOUTHERN INYO HEALTHCARE DISTRICT; PETER SPIERS, an individual in his official and personal capacity; and DOES 1-25, inclusive, | 24UC71190 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | Per Code |
| Plaintiff | Depositions | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**EXHIBIT D (Page 10 of 13)**

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: DEBORAH GARNER, an individual,<br>DEFENDANT/RESPONDENT: SOUTHERN INYO HEALTHCARE DISTRICT; PETER SPIERS, an individual in his official and personal capacity; and DOES 1-25, inclusive, | CASE NUMBER:<br>24UC71190 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 11/14/2024

| | |
|---|---|
| Luiza V. Dias | ▶ _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ▶ _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

**EXHIBIT D (Page 11 of 13)**

Lori J. Costanzo SBN 142633
Frank Zeccola SBN 308875
Luiza Dias SBN 320629
**COSTANZO LAW FIRM, APC**
111 West Saint John Street, #700
San Jose, CA 95113
Phone:     408.993.8493
Fax:       408.993.8496
Email:     Lori@costanzo-law.com
           Frank.zeccola@costanzo-law.com
           Luiza.dias@costanzo-law.com

*Attorneys for Plaintiff, Deborah Garner*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF INYO – UNLIMITED JURISDICTION

| | |
|---|---|
| DEBORAH GARNER, an individual, | Case No.: 24UC71190 |
| Plaintiff, | **PROOF OF SERVICE** |
| vs. | |
| SOUTHERN INYO HEALTHCARE DISTRICT; PETER SPIERS, an individual in his official and personal capacity; and DOES 1-25, inclusive, | |
| Defendants. | |

1
PROOF OF SERVICE

**EXHIBIT D (Page 12 of 13)**

**PROOF OF SERVICE BY ELECTRONIC MAIL**

STATE OF CALIFORNIA, COUNTY OF INYO

I am employed in the County of Santa Clara, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 111 W. St. John Street, Suite 700, San Jose, CA 95113. On November 14, 2024, I served the within:

**CASE MANAGEMENT STATEMENT**

on the parties in said action, by the following means:

☒      (BY EMAIL) By transmitting a true copy thereof by electronic mail from Zara.ashtiani@costanzo-law.com to the interested parties to said action at the e-mail addresses shown below.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on November 14, 2024, in San Jose, California.

_____/s/ Zara Ashtiani_____
Zara Ashtiani

NAME(S) AND ADDRESS(ES) OR FAX NUMBER(S) OF EACH PARTY SERVED:

Rose Huelskamp Serrano
Katherine C. Fine
Terrie Quinton
Christine Iriarte-Marshall
Duckor Metzger & Wynne
101 West Broadway, Suite 1700
serrano@dmwplc.com
fine@dmwplc.com
Quinton@dmwplc.com
marshall@dmwplc.com
*Counsel for Defendant*

<div style="writing-mode: vertical">COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113</div>

2
PROOF OF SERVICE

**EXHIBIT D (Page 13 of 13)**

65