# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH GARNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOUTHERN INYO HEALTHCARE DISTRICT,<br><br>　　　　Defendant. | Case No. 1:25-cv-00163-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL<br><br>(ECF No. 12) |

On June 4, 2025, the parties filed a stipulation dismissing this action with prejudice with each party to bear its own costs and fees. (ECF No. 12.) The stipulation also includes a "request [that] the Court incorporate the terms of the Settlement Agreement in its order of dismissal, and retain jurisdiction over this matter for the purposes of enforcing the dismissal and Settlement Agreement." (Id. at ¶ 6.)

Once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, dismissal is not dependent on performance but rather the settlement of the action. In addition, absent a specific request and showing of good cause, the Court generally declines generic requests to retain jurisdiction following dismissal. And such retention requires a subsequent order of approval from the Court retaining jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) ("Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the

stipulation. . . . Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.")

The parties' stipulation here requests that the Court retain jurisdiction "for the purpose of enforcing the dismissal and Settlement Agreement." (ECF No. 12, ¶ 6.)  However, the terms of the settlement agreement have been finalized and the agreement has been executed.  (Id. at ¶ 5.) Thus, it appears that the parties are requesting that the Court retain jurisdiction after dismissal for *performance* of the parties' agreement.  Yet, the parties fail to provide any facts demonstrating good cause for the Court to retain jurisdiction for mere performance of the finalized settlement agreement.  Accordingly, the Court DENIES the parties' generic request to retain jurisdiction following the stipulated dismissal.

In light of the stipulation of the parties, this action has been terminated, Fed. R. Civ. P. 41(a)(1)(A)(ii); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997), and has been dismissed with prejudice and without an award of costs or attorney's fees.

The Clerk of the Court is HEREBY DIRECTED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:   **June 5, 2025**

STANLEY A. BOONE
United States Magistrate Judge